United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2005**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30895
Summary Calendar

_____

DWAYNE BELAIRE; JOHN BELCHER; WADE
BONDS; BOBBY W. BUTLER; CLARENCE E.
CANNON; ET AL,

                                    Plaintiffs-Appellants,

versus

BURLINGTON RESOURCES, INC.; BURLINGTON
RESOURCES, INC. DISCRETIONARY SEVERANCE
BENEFIT PLAN,

                                    Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
(6:01-CV-786-RFD-MEM)
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

    In this ERISA case, Appellants appeal the district court's
rejection of their claims for severance benefits under Appellee
Burlington Resources, Inc.'s ("BRI") Discretionary Severance
Benefit Plan ("Severance Plan") in connection with BRI's
outsourcing its platform labor and logistics operations in the Gulf
of Mexico to a third party ("Baker Energy").  More specifically,

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Appellants (BRI employees whom the district court previously held not entitled to benefits under BRI's Change in Control and Employee Severance Protection Plan), alternatively sought benefits from the Severance Plan. They contend that — despite their ineligibility for benefits under the literal terms of the Severance Plan — they are nevertheless owed benefits under that plan because (1) the actions of BRI constituted "interference" with their rights to obtain benefits, in contravention of 29 U.S.C. § 1140 ("ERISA § 510"); and (2) specified management personnel of BRI and the Plan Administrator breached their fiduciary duties to Appellants in violation of 29 U.S.C. § 1104. Appellants also appeal the district court's denial of statutory penalties under 29 U.S.C. § 1132(c) for the alleged fiduciary breaches. For essentially the same reasons extensively and patiently set forth by the district court in its Ruling filed on July 23, 2004, we affirm.

We have carefully reviewed the briefs and other filings of counsel, the record in this case, including the applicable plan documents, and the aforesaid Ruling of the district court. As a result, we are convinced that the claims of Appellants are without merit.

First, Appellants' interference claim under § 510 of ERISA cannot overcome the analysis and holding of <u>Bodine v. Emplrs. Cas. Co.</u>[1] Appellants have failed to show that BRI somehow took

_____

[1] 352 F.3d 245 (5th Cir. 2003).

prohibited action for the purpose of interfering with Appellants' attainment of any right to which they were entitled. As Appellants were entitled to no existing enforceable rights, they were required to show that BRI's actions were taken for the purpose of interfering with rights to which Appellants might thereafter become entitled under the plan in question. Based on the essentially undisputed facts of this case, the district court correctly concluded that the actions by and on behalf of BRI were not taken for the <u>purpose</u> of interfering with rights to which they might have become entitled. To the contrary, the actions were legitimately taken to ensure continued and uninterrupted employment of Appellants by Baker Energy, BRI's successor in the Gulf of Mexico activities, both in terms of structure and amount of compensation. That BRI was also motivated by its non-discriminatory desire to avoid a break in service for these experienced personnel that could result from unintended and unwarranted severance payments is of no moment. Avoiding the inadvertent creation of a negative incentive for Appellants' continued, uninterrupted work when changing employers from BRI to Baker Energy does not constitute purposeful interference with obtaining benefits to which Appellants had no current entitlement or expectation of future entitlement if hired without a break in service by Baker Energy. Under these circumstances, the reasoning and holding of our opinion in <u>Bodine</u> bars a determination of actionable "interference" within the intendment of § 510 of ERISA.

3

Furthermore, in light of the unique nature of fiduciary relationships under ERISA, which recognizes that fiduciaries can wear "two hats," a simple test of undivided loyalty is inapt. Absent any showing of deceptive practices, misrepresentations, or other untoward acts, the Appellants' fiduciary breach claims miss the mark entirely. We need not waste judicial resources or paper in reiterating the detailed analysis and conclusion so ably provided by the district court in its eminently correct Ruling.

Finally, given our affirmance of the district court's rejection of Appellants' substantive claims for interference and for breach of fiduciary duty, they have no viable basis of entitlement to statutory penalties under 29 U.S.C. § 1132(c). We affirm the district court's rejection of this claim as well.

The district court's Final Judgment, filed August 11, 2004 on the basis of its aforesaid Ruling, is, in all respects, AFFIRMED.